**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RYAN DARRIUS,

                Petitioner,

v.                                                                        Case No. 3:25-cv-1531-WWB-PDB

UNITED STATES ATTORNEY
GENERAL, et al.,

                Respondents.

_____

## ORDER

      Petitioner, a citizen and native of the Bahamas, initiated this action by filing a pro

se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration

and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the Baker County

Detention Center.  (*Id.*).  According to Petitioner, an immigration judge ordered him

removed in March 2025, and ICE took him into custody to execute his removal on May 1,

2025.  (*Id.* at 4).  Petitioner asserts he appealed the immigration judge's decision to the

Board of Immigration Appeals ("**BIA**") and that appeal is still pending.  (*Id.* at 5).  He

argues that he has remained in ICE custody since May 2025, and his detention has

become unreasonably prolonged in violation of his rights under the Due Process Clause

of the Fifth Amendment and seemingly under the purviews of *Zadvydas v. Davis*, 533

U.S. 678 (2001).  (*Id.* at 6–7).  As relief, Petitioner requests that the Court order his

immediate release.  (*Id.* at 7).

Respondents filed a Response arguing that the Petition is premature because Petitioner's appeal with the BIA is still pending.[1] (Doc. 8 at 7). Because of his pending appeal, Respondents contend Petitioner's order of removal is not final, and thus his "removal period" has not yet begun. (*Id.* at 7–8). Petitioner was afforded an opportunity to file a reply to Respondents' Response and he declined to do so. (Doc. 4).

In *Zadvydas*, 533 U.S. at 690, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. *Id.* at 701. The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *See* 8 U.S.C. § 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)–(f) (outlining the procedural circumstances that render a removal order final). The Attorney General must detain an alien during his removal period. *See* 8 U.S.C. § 1231(a)(2).

---

[1] Respondents also argue that the Court lacks jurisdiction and that Petitioner has failed to exhaust his administrative remedies. (*See generally* Doc. 8 at 1–6).

Here, a review of the Executive Office for Immigration Review's ("**EOIR**") website shows that Petitioner filed with the BIA an appeal of his March 2025 removal order on April 14, 2025, and that his appeal is currently pending.  *See* EOIR, Automated Case Information, available at www.acis.eoir.justice.gov (last visited Apr. 3, 2026).  Therefore, Petitioner's removal period has not yet begun and Petitioner's request for relief is premature.  *See Farah v. United States Att'y Gen.*, 12 F.4th 1312, 1332 (11th Cir. 2021) (finding that the petitioner's removal period had not started because the Eleventh Circuit stayed the removal pending judicial review and it had not yet issued its final order).  As such, this action is dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 6, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:   Ryan Darrius, A209214641
     Counsel of record

3

4